Kathy A. McMAHAN, et al., Plaintiffs,

v.

CCC EXPRESS CORPORATION, et al., Defendants.

No. 2:93 cv 157.

United States District Court, N.D. Indiana, Hammond Division.

March 3, 1994.

Steven A. Johnson, Spangler Johnson and Associates, Merrillville, IN, for plaintiffs.

## ORDER

MOODY, District Judge.

This case was recently placed on the undersigned's docket after recusal of the Honorable Rudy Lozano. Judge Lozano had, pursuant to Local Rule 41.1, ordered plaintiffs to show good cause why this action should not be dismissed for failure to prosecute, nothing having occurred since the docketing of returns of service on all defendants on July 26, 1993.

Plaintiffs' counsel argues that the action should not be dismissed. He explains that he has not prosecuted the case because he entered into an agreement with defendants' insurance carrier "for an indefinite extension" of time for defendants to respond. The purpose of the extension was to minimize expense of both time and money while discussing settlement. Negotiations have broken down and plaintiffs now desire that the litigation proceed.

Rule 12 of the Federal Rules of Civil Procedure requires an answer to be filed within twenty days of service of the summons and complaint. Local Rule 6.1 allows the parties to agree to a thirty-day extension of that period. Parties are not free to agree to ignore these rules and do so at their peril. Thus, defendants in this case are in default for failure to plead or otherwise defend and the clerk could have entered that default *sua sponte* pursuant to Federal Rule of Civil Procedure 55(a). Neither have plaintiffs demonstrated good cause for their failure to prosecute this action for more than six months.

The court will, nevertheless, not dismiss this action. To do so would unfairly penalize plaintiffs where defendants are equally culpable. In addition, the court is aware that litigants in the past have circumvented the above-discussed rules through agreements similar to the one here. That will no longer be the case in this court. Agreements between parties to ignore the Federal Rules of Civil Procedure, or this court's Local Rules, will not be allowed to sidetrack the orderly progress of litigation.

Defendants have twenty days from entry of this order on the docket to answer or otherwise defend, or they will be defaulted.

**SO ORDERED.**